UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DERECK TAYLOR JR., Plaintiff | CIVIL ACTION NO. 1:17-CV-0999-P |
| VERSUS | JUDGE DEE D. DRELL |
| MARY DOGGETT, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Dereck Taylor Jr. ("Taylor"). Taylor was granted leave to proceed *in forma pauperis*. (Doc. 13). Taylor is a pretrial detainee, currently housed at the Eastern Louisiana Mental Health Hospital in Jackson, Louisiana. He names Judge Mary Doggett as the defendant, and claims she wrongfully found him incompetent to stand trial or represent himself in a criminal matter. (Doc. 1, p. 5).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## I. Background

Taylor alleges that he filed a motion to dismiss his criminal case for want of jurisdiction, which Judge Doggett denied. Taylor claims that Judge Doggett determined Taylor needed an attorney and could not represent himself in his criminal proceeding. (Doc. 1, p. 5). Taylor alleges that Judge Doggett then sent him to the Eastern Louisiana Mental Health System "to be competent again." (Doc. 1, p. 5).

## II.    Law and Analysis

### A.    Taylor's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Taylor is an inmate who has been allowed to proceed *in forma pauperis*. (Doc. 13).  As a prisoner seeking redress from an officer or employee of a governmental entity, Taylor's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Taylor's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for s*ua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B.    Judge Doggett is entitled to immunity.

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994).  "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." Stump v. Sparkman, 435 U.S. 349, 359 (1978).  "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991).  Taylor's complaints about Judge Doggett arise exclusively from the execution of a judicial function. Therefore, Taylor's complaint should be dismissed.

III.    **Conclusion**

For the foregoing reasons, IT IS RECOMMENDED that Taylor's § 1983 complaint be DENIED and DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___11th___ day of December, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge